RECEIVED

JAN 2 5 2022

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** ULSTER
-----------------------------------------------------------------------X
Luz Mazariego De Umana, as mother and natural guardian of
F.U.M., an infant under the age of fourteen years, and Luz
Mazariego De Umana, individually

Plaintiff/Petitioner,

- against -                                                Index No. EP2022-130

Maria Maria Sanchez, M.D., Dominique Delma, M.D., Farnaz Jafari, M.D., Devashree
Parmer, M.D., Mesa Yim, D.O., Kim S. Petro, R.N., Mary J. Randall, R.N., and
HealthAlliance Hospital Broadway Campus

Defendant/Respondent.
-----------------------------------------------------------------------X

### NOTICE OF ELECTRONIC FILING
### (Consensual Case)
### (Uniform Rule § 202.5-b)

You have received this Notice because:

> 1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

> 2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

  > - serving and filing your documents electronically

  > - free access to view and print your e-filed documents

  > - limiting your number of trips to the courthouse

  > - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**

An attorney representing a party who is served with this notice must either consent or decline consent to electronic filing and service through NYSCEF for this case.

Attorneys registered with NYSCEF may record their consent electronically in the manner provided at the NYSCEF site. Attorneys not registered with NYSCEF but intending to participate in e-filing must first create a NYSCEF account and obtain a user ID and password prior to recording their consent by going to www.nycourts.gov/efile

Attorneys declining to consent must file with the court and serve on all parties of record a declination of consent.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).


Dated: January 21, 2022
_____

Paul L. LaClair, Esq.
_____
Name

The Gucciardo Law Firm, PLLC
_____
Firm Name

170 Old Country Road, Suite 609
_____

Mineola, New York 11501
_____
Address

(516) 280- 71000
_____
Phone

pll@guccilaw.com
_____
E-Mail


To:     _____

_____

_____


2/24/20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER
------------------------------------------------------------------X
LUZ MAZARIEGO DE UMANA, as mother and natural
guardian of F.U.M., an infant under the age of fourteen
years, and LUZ MAZARIEGO DE UMANA individually,

                                        Plaintiffs,

                        -against-

MARTA MARIA SANCHEZ, M.D., DOMINIQUE
DELMA, M.D. FARNAZ JAFARI, M.D., DEVASHREE
PARMER, M.D., MEEA YIM, D.O., KIM S. PETRO,
R.N., MARY J. RANDALL, R.N., and
HEALTHALLIANCE HOSPITAL BROADWAY
CAMPUS,

                                        Defendants.
------------------------------------------------------------------X

Index No.: EP2022-130
Date Purchased: 01/21/2022

**SUMMONS**

Plaintiff designates ULSTER
County as the place of trial.

The basis of venue is:
Defendants' residence

Defendant resides at:
396 Broadway
Kingston, New York 12401
County of ULSTER

Plaintiff demands trial by jury.

**To the above named Defendants:**

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of
your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance on the Plaintiff's attorney(s) within twenty days after the service of this summons,
exclusive of the day of service, where service is made by delivery upon you personally within
the state, or, within 30 days after completion of service where service is made in any other
manner. In case of your failure to appear or answer, judgment will be taken against you by
default for the relief demanded in the complaint.

Dated:         Mineola, New York
               January 21, 2022

                                Respectfully yours,

                                *Paul L. La Clair*
                                PAUL L. LACLAIR
                                THE GUCCIARDO LAW FIRM, PLLC
                                Attorneys for Plaintiff
                                LUZ MAZARIEGO DE UMANA,
                                as m/n/g and individually
                                170 Old Country Road, Suite 609
                                Mineola, New York 11501
                                516-280-7100

**TO DEFENDANTS:**

MARTA MARIA SANCHEZ, M.D., 1 Family Practice Drive, Kingston, New York 12401

DOMINIQUE DELMA, M.D., 1 Foxhall Avenue, Kingston, New York 12401

FARNAZ JAFARI, M.D., 1 Family Practice Drive, Kingston, New York 12401

DEVASHREE PARMER, M.D., 396 Broadway, Kingston, NY 11030

MEEA YIM, D.O., 1 Family Practice Drive, Kingston, New York 12401

KIM S. PETRO, R.N., 396 Broadway, Kingston, NY 12401

MARY J. RANDALL, R.N., 396 Broadway, Kingston, NY 12401

HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS, 396 Broadway, Kingston, NY 12401

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER
-------------------------------------------------------------------X

LUZ MAZARIEGO DE UMANA, as mother and natural
guardian of F.U.M., an infant under the age of fourteen
years, and LUZ MAZARIEGO DE UMANA individually,

                                    Plaintiffs,

                    -against-

MARTA MARIA SANCHEZ, M.D., DOMINIQUE
DELMA, M.D. FARNAZ JAFARI, M.D., DEVASHREE
PARMER, M.D., MEEA YIM, D.O., KIM S. PETRO,
R.N., MARY J. RANDALL, R.N., NORTHWELL
HEALTH, INC., and HEALTHALLIANCE HOSPITAL
BROADWAY CAMPUS,

                                    Defendants.

-------------------------------------------------------------------X

Index No.: EP2022-130
Date Purchased: 01/21/2022

**Plaintiffs Demand
Trial by Jury**

**VERIFIED COMPLAINT**

     Plaintiffs, complaining of the Defendants by their attorneys *THE GUCCIARDO LAW FIRM, PLLC*, respectfully allege, upon information and belief, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION IN MEDICAL MALPRACTICE AND NEGLIGENCE ON BEHALF OF PLAINTIFF F.U.M.

    1.    LUZ MAZARIEGO DE UMANA is a resident of the County of Ulster, State of New York.

    2.    F.U.M. is a resident of the County of Ulster, State of New York.

    3.    LUZ MAZARIEGO DE UMANA is the mother and natural guardian of F.U.M.

    4.    At all times herein mentioned, Defendant MARTA MARIA SANCHEZ, M.D., was a physician duly licensed to practice medicine in the State of New York.

    5.    Defendant MARTA MARIA SANCHEZ, M.D., is a resident of the County of Ulster, State of New York.

6.    At all times herein mentioned, Defendant MARTA MARIA SANCHEZ, M.D., was professionally affiliated with Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS.

7.    At all times herein mentioned, Defendant MARTA MARIA SANCHEZ, M.D., was an employee, agent and/or servant of Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS.

8.    From September 9-10, 2020, inclusive, Defendant MARTA MARIA SANCHEZ, M.D., rendered patient care to the Plaintiff LUZ MAZARIEGO DE UMANA with the authority of Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS.

9.    From September 9-10, 2020, inclusive, Defendant MARTA MARIA SANCHEZ, M.D., rendered patient care to the Plaintiff F.U.M. with the authority of Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS.

10.    Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS is legally responsible for the acts and omissions of Defendant MARTA MARIA SANCHEZ, M.D., relative hereto.

11.    At all times herein mentioned, Defendant MARTA MARIA SANCHEZ, M.D., held herself out to the general public to be a physician.

12.    From September 9-10, 2020, inclusive, MARTA MARIA SANCHEZ, M.D., was in a patient-physician relation with the Plaintiff LUZ MAZARIEGO DE UMANA.

13.    From September 9-10, 2020, inclusive, MARTA MARIA SANCHEZ, M.D., rendered medical care and/or treatment to the Plaintiff LUZ MAZARIEGO DE UMANA in the State of New York.

14.   From September 9-10, 2020, inclusive, Defendant MARTA MARIA SANCHEZ, M.D., owed a professional duty to Plaintiff LUZ MAZARIEGO DE UMANA as a provider of medical services.

15.   From September 9-10, 2020, inclusive, MARTA MARIA SANCHEZ, M.D., was in a patient-physician relation with the Plaintiff F.U.M.

16.   From September 9-10, 2020, inclusive, MARTA MARIA SANCHEZ, M.D., rendered medical care and/or treatment to the Plaintiff F.U.M. in the State of New York.

17.   From September 9-10, 2020, inclusive, Defendant MARTA MARIA SANCHEZ, M.D., owed a professional duty to Plaintiff F.U.M. as a provider of medical services.

18.   From September 9-10, 2020, inclusive, Defendant MARTA MARIA SANCHEZ, M.D., breached her professional duty to Plaintiff LUZ MAZARIEGO DE UMANA, and was careless, negligent, and chargeable with culpable conduct in the treatment, management, consultation, diagnosis, and care of Plaintiff LUZ MAZARIEGO DE UMANA, and in the medical services she rendered to and on behalf of Plaintiff LUZ MAZARIEGO DE UMANA.

19.   From September 9-10, 2020, inclusive, Defendant MARTA MARIA SANCHEZ, M.D., breached her professional duty to Plaintiff F.U.M., and was careless, negligent, and chargeable with culpable conduct in the treatment, management, consultation, diagnosis, and care of Plaintiff F.U.M., and in the medical services she rendered to and on behalf of Plaintiff F.U.M.

20.   The gravamen of the causes of action against defendant MARTA MARIA SANCHEZ, M.D., includes but is not limited to failing properly to manage the labor and delivery, failing to appreciate and timely respond to signs of fetal distress, failing timely to

deliver the baby and/or have the baby delivered, and such other acts and omissions as may be revealed through discovery.

21.    The negligence, carelessness, and culpable conduct of Defendant MARTA MARIA SANCHEZ, M.D., constituted deviations and departures from good and accepted standards of care and practice.

22.    As a result of the negligence, recklessness, carelessness, deviations and departures by Defendant MARTA MARIA SANCHEZ, M.D., Plaintiff F.U.M. sustained serious and permanent physical and emotional injuries, which are permanent; he has suffered severe injuries to his brain, neurological system and elsewhere, and their consequences and *sequelae*; he has suffered and will suffer from the effects of Defendants' deviations and departures from good and accepted standards of care and practice; he has been rendered incapacitated; he has been unable to pursue his usual activities, has been and will be confined to medical and rehabilitation/care facility, has been and will be compelled to submit to hospital, rehabilitative, surgical and medical care and attention and to incur various sums of money in an endeavor to cure or alleviate his injuries, and for his care, has lost and will lose sums of money, including wage loss and related losses, and has been compelled to suffer physical pain, mental anguish, disability and emotional distress, and will continue to suffer these damages in the future.

23.    At all times herein mentioned, Defendant DOMINIQUE DELMA, M.D., was a physician duly licensed to practice medicine in the State of New York.

24.    Defendant DOMINIQUE DELMA, M.D., is a resident of the County of Ulster, State of New York.

25.   At all times herein mentioned, Defendant DOMINIQUE DELMA, M.D., was professionally affiliated with Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS.

26.   At all times herein mentioned, Defendant DOMINIQUE DELMA, M.D., was an employee, agent and/or servant of Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS.

27.   From September 9-10, 2020, 2020, inclusive, Defendant DOMINIQUE DELMA, M.D., rendered patient care to the Plaintiff LUZ MAZARIEGO DE UMANA with the authority of Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS.

28.   From September 9-10, 2020, 2020, inclusive, Defendant DOMINIQUE DELMA, M.D., rendered patient care to the Plaintiff F.U.M. with the authority of Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS.

29.   Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS is legally responsible for the acts and omissions of Defendant DOMINIQUE DELMA, M.D., relative hereto.

30.   At all times herein mentioned, Defendant DOMINIQUE DELMA, M.D., held herself out to the general public to be a physician.

31.   From September 9-10, 2020, 2020, inclusive, DOMINIQUE DELMA, M.D., was in a patient-physician relation with the Plaintiff LUZ MAZARIEGO DE UMANA.

32.   From September 9-10, 2020, 2020, inclusive, DOMINIQUE DELMA, M.D., rendered medical care and/or treatment to the Plaintiff LUZ MAZARIEGO DE UMANA in the State of New York.

33.  From September 9-10, 2020, 2020, inclusive, Defendant DOMINIQUE DELMA, M.D., owed a professional duty to Plaintiff LUZ MAZARIEGO DE UMANA as a provider of medical services.

34.  From September 9-10, 2020, 2020, inclusive, DOMINIQUE DELMA, M.D., was in a patient-physician relation with the Plaintiff F.U.M.

35.  From September 9-10, 2020, 2020, inclusive, DOMINIQUE DELMA, M.D., rendered medical care and/or treatment to the Plaintiff F.U.M. in the State of New York.

36.  From September 9-10, 2020, 2020, inclusive, Defendant DOMINIQUE DELMA, M.D., owed a professional duty to Plaintiff F.U.M. as a provider of medical services.

37.  From September 9-10, 2020, 2020, inclusive, Defendant DOMINIQUE DELMA, M.D., breached her professional duty to Plaintiff LUZ MAZARIEGO DE UMANA, and was careless, negligent, and chargeable with culpable conduct in the treatment, management, consultation, diagnosis, and care of Plaintiff LUZ MAZARIEGO DE UMANA, and in the medical services she rendered to and on behalf of Plaintiff LUZ MAZARIEGO DE UMANA.

38.  From September 9-10, 2020, 2020, inclusive, Defendant DOMINIQUE DELMA, M.D., breached her professional duty to Plaintiff LUZ MAZARIEGO DE UMANA, and was careless, negligent, and chargeable with culpable conduct in the treatment, management, consultation, diagnosis, and care of Plaintiff F.U.M., and in the medical services she rendered to and on behalf of Plaintiff LUZ MAZARIEGO DE UMANA.

39.  The gravamen of the causes of action against defendant DOMINIQUE DELMA, M.D., includes but is not limited to failing properly to manage the labor and delivery, failing to appreciate and timely respond to signs of fetal distress, failing timely to deliver the baby

and/or have the baby delivered, and such other acts and omissions as may be revealed through discovery.

40. The negligence, carelessness, and culpable conduct of Defendant DOMINIQUE DELMA, M.D., constituted deviations and departures from good and accepted standards of care and practice.

41. As a result of the negligence, recklessness, carelessness, deviations and departures by Defendant DOMINIQUE DELMA, M.D., Plaintiff F.U.M. sustained serious and permanent physical and emotional injuries, which are permanent; he has suffered severe injuries to his brain, neurological system and elsewhere, and their consequences and *sequelae*; he has suffered and will suffer from the effects of Defendants' deviations and departures from good and accepted standards of care and practice; he has been rendered incapacitated; he has been unable to pursue his usual activities, has been and will be confined to medical and rehabilitation/care facility, has been and will be compelled to submit to hospital, rehabilitative, surgical and medical care and attention and to incur various sums of money in an endeavor to cure or alleviate his injuries, and for his care, has lost and will lose sums of money, including wage loss and related losses, and has been compelled to suffer physical pain, mental anguish, disability and emotional distress, and will continue to suffer these damages in the future.

42. At all times herein mentioned, Defendant DEVASHREE PARMER, M.D., was a physician duly licensed to practice medicine in the State of New York.

43. Defendant DEVASHREE PARMER, M.D., is a resident of the County of Ulster, State of New York.

44.   At all times herein mentioned, Defendant DEVASHREE PARMER, M.D., was professionally affiliated with Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS.

45.   At all times herein mentioned, Defendant DEVASHREE PARMER, M.D., was an employee, agent and/or servant of Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS.

46.   From September 9-10, 2020, 2020, inclusive, Defendant DEVASHREE PARMER, M.D., rendered patient care to the Plaintiff LUZ MAZARIEGO DE UMANA with the authority of Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS.

47.   From September 9-10, 2020, 2020, inclusive, Defendant DEVASHREE PARMER, M.D., rendered patient care to the Plaintiff F.U.M. with the authority of Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS.

48.   Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS is legally responsible for the acts and omissions of Defendant DEVASHREE PARMER, M.D., relative hereto.

49.   At all times herein mentioned, Defendant DEVASHREE PARMER, M.D., held herself out to the general public to be a physician.

50.   From September 9-10, 2020, 2020, inclusive, DEVASHREE PARMER, M.D., was in a patient-physician relation with the Plaintiff LUZ MAZARIEGO DE UMANA.

51.   From September 9-10, 2020, 2020, inclusive, DEVASHREE PARMER, M.D., rendered medical care and/or treatment to the Plaintiff LUZ MAZARIEGO DE UMANA in the State of New York.

52. From September 9-10, 2020, 2020, inclusive, Defendant DEVASHREE PARMER, M.D., owed a professional duty to Plaintiff LUZ MAZARIEGO DE UMANA as a provider of medical services.

53. From September 9-10, 2020, 2020, inclusive, DEVASHREE PARMER, M.D., was in a patient-physician relation with the Plaintiff F.U.M.

54. From September 9-10, 2020, 2020, inclusive, DEVASHREE PARMER, M.D., rendered medical care and/or treatment to the Plaintiff F.U.M. in the State of New York.

55. From September 9-10, 2020, 2020, inclusive, Defendant DEVASHREE PARMER, M.D., owed a professional duty to Plaintiff F.U.M. as a provider of medical services.

56. From September 9-10, 2020, 2020, inclusive, Defendant DEVASHREE PARMER, M.D., breached her professional duty to Plaintiff LUZ MAZARIEGO DE UMANA, and was careless, negligent, and chargeable with culpable conduct in the treatment, management, consultation, diagnosis, and care of Plaintiff LUZ MAZARIEGO DE UMANA, and in the medical services she rendered to and on behalf of Plaintiff LUZ MAZARIEGO DE UMANA.

57. From September 9-10, 2020, 2020, inclusive, Defendant DEVASHREE PARMER, M.D., breached her professional duty to Plaintiff F.U.M., and was careless, negligent, and chargeable with culpable conduct in the treatment, management, consultation, diagnosis, and care of Plaintiff F.U.M., and in the medical services she rendered to and on behalf of Plaintiff F.U.M.

58. The gravamen of the causes of action against defendant DEVASHREE PARMER, M.D., includes but is not limited to failing properly to manage the labor and delivery, failing to appreciate and timely respond to signs of fetal distress, failing timely and adequately to inform attending physician(s), failing timely to deliver the baby and/or have the baby delivered, and such other acts and omissions as may be revealed through discovery.

59. The negligence, carelessness, and culpable conduct of Defendant DEVASHREE PARMER, M.D., constituted deviations and departures from good and accepted standards of care and practice.

60. As a result of the negligence, recklessness, carelessness, deviations and departures by Defendant DEVASHREE PARMER, M.D., Plaintiff F.U.M. sustained serious and permanent physical and emotional injuries, which are permanent; he has suffered severe injuries to his brain, neurological system and elsewhere, and their consequences and *sequelae*; he has suffered and will suffer from the effects of Defendants' deviations and departures from good and accepted standards of care and practice; he has been rendered incapacitated; he has been unable to pursue his usual activities, has been and will be confined to medical and rehabilitation/care facility, has been and will be compelled to submit to hospital, rehabilitative, surgical and medical care and attention and to incur various sums of money in an endeavor to cure or alleviate his injuries, and for his care, has lost and will lose sums of money, including wage loss and related losses, and has been compelled to suffer physical pain, mental anguish, disability and emotional distress, and will continue to suffer these damages in the future.

61. At all times herein mentioned, Defendant MEEA YIM, D.O., was an osteopathic physician duly licensed to practice as such in the State of New York.

62.   Defendant MEEA YIM, D.O., is a resident of the County of Ulster, State of New York.

63.   At all times herein mentioned, Defendant MEEA YIM, D.O., was professionally affiliated with Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS.

64.   At all times herein mentioned, Defendant MEEA YIM, D.O., was an employee, agent and/or servant of Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS.

65.   From September 9-10, 2020, inclusive, Defendant MEEA YIM, D.O., rendered patient care to the Plaintiff LUZ MAZARIEGO DE UMANA with the authority of Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS.

66.   From September 9-10, 2020, inclusive, Defendant MEEA YIM, D.O., rendered patient care to the Plaintiff F.U.M. with the authority of Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS.

67.   Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS is legally responsible for the acts and omissions of Defendant MEEA YIM, D.O., relative hereto.

68.   At all times herein mentioned, Defendant MEEA YIM, D.O., held herself out to the general public to be a physician.

69.   From September 9-10, 2020, inclusive, MEEA YIM, D.O., was in a patient-physician relation with the Plaintiff LUZ MAZARIEGO DE UMANA.

70.   From September 9-10, 2020, inclusive, MEEA YIM, D.O., rendered medical care and/or treatment to the Plaintiff LUZ MAZARIEGO DE UMANA in the State of New York.

71. From September 9-10, 2020, inclusive, Defendant MEEA YIM, D.O., owed a professional duty to Plaintiff LUZ MAZARIEGO DE UMANA as a provider of medical services.

72. From September 9-10, 2020, inclusive, MEEA YIM, D.O., was in a patient-physician relation with the Plaintiff F.U.M.

73. From September 9-10, 2020, inclusive, MEEA YIM, D.O., rendered medical care and/or treatment to the Plaintiff F.U.M. in the State of New York.

74. From September 9-10, 2020, inclusive, Defendant MEEA YIM, D.O., owed a professional duty to Plaintiff F.U.M. as a provider of medical services.

75. From September 9-10, 2020, inclusive, Defendant MEEA YIM, D.O., breached her professional duty to Plaintiff LUZ MAZARIEGO DE UMANA, and was careless, negligent, and chargeable with culpable conduct in the treatment, management, consultation, diagnosis, and care of Plaintiff LUZ MAZARIEGO DE UMANA, and in the medical services she rendered to and on behalf of Plaintiff LUZ MAZARIEGO DE UMANA.

76. From September 9-10, 2020, inclusive, Defendant MEEA YIM, D.O., breached her professional duty to Plaintiff F.U.M., and was careess, negligent, and chargeable with culpable conduct in the treatment, management, consultation, diagnosis, and care of Plaintiff F.U.M., and in the medical services she rendered to and on behalf of Plaintiff F.U.M.

77. The gravamen of the causes of action against defendant MEEA YIM, D.O., includes but is not limited to failing properly to manage the infant during the neonatal period, and such other acts and omissions as may be revealed through discovery.

78. The negligence, carelessness, and culpable conduct of Defendant MEEA YIM, D.O., constituted deviations and departures from good and accepted standards of care and practice.

79. As a result of the negligence, recklessness, carelessness, deviations and departures by Defendant MEEA YIM, D.O., Plaintiff F.U.M. sustained serious and permanent physical and emotional injuries, which are permanent; he has suffered severe injuries to his brain, neurological system and elsewhere, and their consequences and *sequelae*; he has suffered and will suffer from the effects of Defendants' deviations and departures from good and accepted standards of care and practice; he has been rendered incapacitated; he has been unable to pursue his usual activities, has been and will be confined to medical and rehabilitation/care facility, has been and will be compelled to submit to hospital, rehabilitative, surgical and medical care and attention and to incur various sums of money in an endeavor to cure or alleviate his injuries, and for his care, has lost and will lose sums of money, including wage loss and related losses, and has been compelled to suffer physical pain, mental anguish, disability and emotional distress, and will continue to suffer these damages in the future.

80. At all times herein mentioned, Defendant FARNAZ JAFARI, M.D., was a physician duly licensed to practice medicine in the State of New York.

81. Defendant FARNAZ JAFARI, M.D., is a resident of the County of Ulster, State of New York.

82. At all times herein mentioned, Defendant FARNAZ JAFARI, M.D., was professionally affiliated with Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS.

83.    At all times herein mentioned, Defendant FARNAZ JAFARI, M.D., was an employee, agent and/or servant of Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS.

84.    From September 9-10, 2020, 2020, inclusive, Defendant FARNAZ JAFARI, M.D., rendered patient care to the Plaintiff LUZ MAZARIEGO DE UMANA with the authority of Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS.

85.    From September 9-10, 2020, 2020, inclusive, Defendant FARNAZ JAFARI, M.D., rendered patient care to the Plaintiff F.U.M. with the authority of Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS.

86.    Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS is legally responsible for the acts and omissions of Defendant FARNAZ JAFARI, M.D., relative hereto.

87.    At all times herein mentioned, Defendant FARNAZ JAFARI, M.D., held herself out to the general public to be a physician.

88.    From September 9-10, 2020, 2020, inclusive, FARNAZ JAFARI, M.D., was in a patient-physician relation with the Plaintiff LUZ MAZARIEGO DE UMANA.

89.    From September 9-10, 2020, 2020, inclusive, FARNAZ JAFARI, M.D., rendered medical care and/or treatment to the Plaintiff LUZ MAZARIEGO DE UMANA in the State of New York.

90.    From September 9-10, 2020, 2020, inclusive, Defendant FARNAZ JAFARI, M.D., owed a professional duty to Plaintiff LUZ MAZARIEGO DE UMANA as a provider of medical services.

91. From September 9-10, 2020, 2020, inclusive, FARNAZ JAFARI, M.D., was in a patient-physician relation with the Plaintiff F.U.M.

92. From September 9-10, 2020, 2020, inclusive, FARNAZ JAFARI, M.D., rendered medical care and/or treatment to the Plaintiff F.U.M. in the State of New York.

93. From September 9-10, 2020, 2020, inclusive, Defendant FARNAZ JAFARI, M.D., owed a professional duty to Plaintiff F.U.M. as a provider of medical services.

94. From September 9-10, 2020, 2020, inclusive, Defendant FARNAZ JAFARI, M.D., breached her professional duty to Plaintiff LUZ MAZARIEGO DE UMANA, and was careless, negligent, and chargeable with culpable conduct in the treatment, management, consultation, diagnosis, and care of Plaintiff LUZ MAZARIEGO DE UMANA, and in the medical services she rendered to and on behalf of Plaintiff LUZ MAZARIEGO DE UMANA.

95. From September 9-10, 2020, 2020, inclusive, Defendant FARNAZ JAFARI, M.D., breached her professional duty to Plaintiff F.U.M., and was careless, negligent, and chargeable with culpable conduct in the treatment, management, consultation, diagnosis, and care of Plaintiff F.U.M., and in the medical services she rendered to and on behalf of Plaintiff F.U.M.

96. The gravamen of the causes of action against defendant FARNAZ JAFARI, M.D., includes but is not limited to failing properly to manage the labor and delivery, failing to appreciate and timely respond to signs of fetal distress, failing timely and adequately to inform attending physician(s), failing timely to deliver the baby and/or have the baby delivered, and such other acts and omissions as may be revealed through discovery.

97.  The negligence, carelessness, and culpable conduct of Defendant FARNAZ JAFARI, M.D., constituted deviations and departures from good and accepted standards of care and practice.

98.  As a result of the negligence, recklessness, carelessness, deviations and departures by Defendant FARNAZ JAFARI, M.D., Plaintiff F.U.M. sustained serious and permanent physical and emotional injuries, which are permanent; he has suffered severe injuries to his brain, neurological system and elsewhere, and their consequences and *sequelae*; he has suffered and will suffer from the effects of Defendants' deviations and departures from good and accepted standards of care and practice; he has been rendered incapacitated; he has been unable to pursue his usual activities, has been and will be confined to medical and rehabilitation/care facility, has been and will be compelled to submit to hospital, rehabilitative, surgical and medical care and attention and to incur various sums of money in an endeavor to cure or alleviate his injuries, and for his care, has lost and will lose sums of money, including wage loss and related losses, and has been compelled to suffer physical pain, mental anguish, disability and emotional distress, and will continue to suffer these damages in the future.

99.  At all times herein mentioned, Defendant KIM S. PETRO, R.N., was a registered nurse duly licensed to practice as such in the State of New York.

100.  Defendant KIM S. PETRO, R.N., is a resident of the County of Ulster, State of New York.

101.  At all times herein mentioned, Defendant KIM S. PETRO, R.N., was professionally affiliated with Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS.

102. At all times herein mentioned, Defendant KIM S. PETRO, R.N., was an employee, agent and/or servant of Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS.

103. From September 9-10, 2020, 2020, inclusive, Defendant KIM S. PETRO, R.N., rendered patient care to the Plaintiff LUZ MAZARIEGO DE UMANA with the authority of Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS.

104. From September 9-10, 2020, 2020, inclusive, Defendant KIM S. PETRO, R.N., rendered patient care to the Plaintiff F.U.M. with the authority of Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS.

105. Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS is legally responsible for the acts and omissions of Defendant KIM S. PETRO, R.N., relative hereto.

106. At all times herein mentioned, Defendant KIM S. PETRO, R.N., held herself out to the general public to be a nurse.

107. From September 9-10, 2020, 2020, inclusive, KIM S. PETRO, R.N., was in a patient-nurse relation with the Plaintiff LUZ MAZARIEGO DE UMANA.

108. From September 9-10, 2020, 2020, inclusive, KIM S. PETRO, R.N., rendered nursing care and/or treatment to the Plaintiff LUZ MAZARIEGO DE UMANA in the State of New York.

109. From September 9-10, 2020, 2020, inclusive, Defendant KIM S. PETRO, R.N., owed a professional duty to Plaintiff LUZ MAZARIEGO DE UMANA as a provider of nursing services.

110. From September 9-10, 2020, 2020, inclusive, KIM S. PETRO, R.N., was in a patient-nurse relation with the Plaintiff F.U.M.

111. From September 9-10, 2020, 2020, inclusive, KIM S. PETRO, R.N., rendered nursing care and/or treatment to the Plaintiff F.U.M. in the State of New York.

112. From September 9-10, 2020, 2020, inclusive, Defendant KIM S. PETRO, R.N., owed a professional duty to Plaintiff F.U.M. as a provider of nursing services.

113. From September 9-10, 2020, 2020, inclusive, Defendant KIM S. PETRO, R.N., breached her professional duty to Plaintiff LUZ MAZARIEGO DE UMANA, and was careless, negligent, and chargeable with culpable conduct in the treatment, management, consultation, diagnosis, and care of Plaintiff LUZ MAZARIEGO DE UMANA, and in the professional services she rendered to and on behalf of Plaintiff LUZ MAZARIEGO DE UMANA.

114. From September 9-10, 2020, 2020, inclusive, Defendant KIM S. PETRO, R.N., breached her professional duty to Plaintiff F.U.M., and was careless, negligent, and chargeable with culpable conduct in the treatment, management, consultation, diagnosis, and care of Plaintiff F.U.M., and in the professional services she rendered to and on behalf of Plaintiff F.U.M.

115. The gravamen of the causes of action against defendant KIM S. PETRO, R.N., includes but is not limited to failing properly to carry out orders regarding the labor and delivery, failing to appreciate and timely respond to signs of fetal distress, failing timely and adequately to inform attending physician(s), failing timely to take proper steps to have the baby delivered, and such other acts and omissions as may be revealed through discovery.

116. The negligence, carelessness, and culpable conduct of Defendant KIM S. PETRO, R.N., constituted deviations and departures from good and accepted standards of care and practice.

117. As a result of the negligence, recklessness, carelessness, deviations and departures by Defendant KIM S. PETRO, R.N., Plaintiff F.U.M. sustained serious and permanent physical and emotional injuries, which are permanent; he has suffered severe injuries to his brain, neurological system and elsewhere, and their consequences and *sequelae*; he has suffered and will suffer from the effects of Defendants' deviations and departures from good and accepted standards of care and practice; he has been rendered incapacitated; he has been unable to pursue his usual activities, has been and will be confined to medical and rehabilitation/care facility, has been and will be compelled to submit to hospital, rehabilitative, surgical and medical care and attention and to incur various sums of money in an endeavor to cure or alleviate his injuries, and for his care, has lost and will lose sums of money, including wage loss and related losses, and has been compelled to suffer physical pain, mental anguish, disability and emotional distress, and will continue to suffer these damages in the future.

118. At all times herein mentioned, Defendant MARY J. RANDALL, R.N., was a registered nurse duly licensed to practice as such in the State of New York.

119. Defendant MARY J. RANDALL, R.N., is a resident of the County of Ulster, State of New York.

120. At all times herein mentioned, Defendant MARY J. RANDALL, R.N., was professionally affiliated with Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS.

121. At all times herein mentioned, Defendant MARY J. RANDALL, R.N., was an employee, agent and/or servant of Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS.

122. From September 9-10, 2020, 2020, inclusive, Defendant MARY J. RANDALL, R.N., rendered patient care to the Plaintiff LUZ MAZARIEGO DE UMANA with the authority of Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS.

123. From September 9-10, 2020, 2020, inclusive, Defendant MARY J. RANDALL, R.N., rendered patient care to the Plaintiff F.U.M. with the authority of Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS.

124. Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS is legally responsible for the acts and omissions of Defendant MARY J. RANDALL, R.N., relative hereto.

125. At all times herein mentioned, Defendant MARY J. RANDALL, R.N., held herself out to the general public to be a nurse.

126. From September 9-10, 2020, 2020, inclusive, MARY J. RANDALL, R.N., was in a patient-nurse relation with the Plaintiff LUZ MAZARIEGO DE UMANA.

127. From September 9-10, 2020, 2020, inclusive, MARY J. RANDALL, R.N., rendered nursing care and/or treatment to the Plaintiff LUZ MAZARIEGO DE UMANA in the State of New York.

128. From September 9-10, 2020, 2020, inclusive, Defendant MARY J. RANDALL, R.N., owed a professional duty to Plaintiff LUZ MAZARIEGO DE UMANA as a provider of nursing services.

129. From September 9-10, 2020, 2020, inclusive, MARY J. RANDALL, R.N., was in a patient-nurse relation with the Plaintiff F.U.M.

130. From September 9-10, 2020, 2020, inclusive, MARY J. RANDALL, R.N., rendered nursing care and/or treatment to the Plaintiff F.U.M. in the State of New York.

131. From September 9-10, 2020, 2020, inclusive, Defendant MARY J. RANDALL, R.N., owed a professional duty to Plaintiff F.U.M. as a provider of nursing services.

132. From September 9-10, 2020, 2020, inclusive, Defendant MARY J. RANDALL, R.N., breached her professional duty to Plaintiff LUZ MAZARIEGO DE UMANA, and was careless, negligent, and chargeable with culpable conduct in the treatment, management, consultation, diagnosis, and care of Plaintiff LUZ MAZARIEGO DE UMANA, and in the professional services she rendered to and on behalf of Plaintiff LUZ MAZARIEGO DE UMANA.

133. From September 9-10, 2020, 2020, inclusive, Defendant MARY J. RANDALL, R.N., breached her professional duty to Plaintiff F.U.M., and was careless, negligent, and chargeable with culpable conduct in the treatment, management, consultation, diagnosis, and care of Plaintiff F.U.M., and in the professional services she rendered to and on behalf of Plaintiff F.U.M.

134. The gravamen of the causes of action against defendant MARY J. RANDALL, R.N., includes but is not limited to failing properly to carry out orders regarding the labor and delivery, failing to appreciate and timely respond to signs of fetal distress, failing timely and adequately to inform attending physician(s), failing timely to take proper steps to have the baby delivered, and such other acts and omissions as may be revealed through discovery.

135. The negligence, carelessness, and culpable conduct of Defendant MARY J. RANDALL, R.N., constituted deviations and departures from good and accepted standards of care and practice.

136. As a result of the negligence, recklessness, carelessness, deviations and departures by Defendant MARY J. RANDALL, R.N., Plaintiff F.U.M. sustained serious and permanent physical and emotional injuries, which are permanent; he has suffered severe injuries to his brain, neurological system and elsewhere, and their consequences and *sequelae*; he has suffered and will suffer from the effects of Defendants' deviations and departures from good and accepted standards of care and practice; he has been rendered incapacitated; he has been unable to pursue his usual activities, has been and will be confined to medical and rehabilitation/care facility, has been and will be compelled to submit to hospital, rehabilitative, surgical and medical care and attention and to incur various sums of money in an endeavor to cure or alleviate his injuries, and for his care, has lost and will lose sums of money, including wage loss and related losses, and has been compelled to suffer physical pain, mental anguish, disability and emotional distress, and will continue to suffer these damages in the future.

137. At all times herein mentioned, Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS was a domestic not-for-profit corporation duly authorized to, and doing business in the State of New York.

138. At all times herein mentioned, Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS had its principal place of business at 396 Broadway, Kingston, New York.

139. At all times herein mentioned, Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS was a hospital duly authorized to, and doing business in the State of New York.

140. At all times herein mentioned, Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS was an entity that conducted business in the State of New York.

141. At all times herein mentioned, Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS was a business entity with business office(s) in the State of New York.

142. At all times herein mentioned, Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS was an entity that rendered medical care in the County of ULSTER and State of New York.

143. At all times herein mentioned, Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS was an entity that rendered osteopathic care in the County of ULSTER and State of New York.

144. At all times herein mentioned, Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS was an entity that rendered nursing care in the County of ULSTER and State of New York.

145. At all times herein mentioned, Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS was an entity duly authorized to operate as a hospital in the County of ULSTER and State of New York.

146. At all times herein mentioned, Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS was a business entity with its principal place of business in the County of ULSTER, State of New York.

147. HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS is a resident of the County of ULSTER, State of New York.

148. At all times herein mentioned, Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS offered the general public, for a consideration, medical care and services.

149. At all times herein mentioned, Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS offered the general public, for a consideration, osteopathic care and services.

150. At all times herein mentioned, Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS offered the general public, for a consideration, nursing care and services.

151. At all times herein mentioned, Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS held itself out to the general public to be competent and qualified to render medical care and services.

152. At all times herein mentioned, Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS held itself out to the general public to be competent and qualified to render osteopathic care and services.

153. At all times herein mentioned, Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS held itself out to the general public to be competent and qualified to render nursing care and services.

154. At all times herein mentioned, Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS owned, operated, managed, ran, conducted, and controlled a hospital facility located at 300 Community Drive, Manhasset, New York (herein, "HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS's facility").

155. At all times herein mentioned, Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS provided services to the public at HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS's facility.

156. From September 9-10, 2020, inclusive, Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS rendered patient care to the Plaintiff F.U.M.

157. From September 9-10, 2020, inclusive, Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS was in a patient-physician relation with the Plaintiff F.U.M.

158. From September 9-10, 2020, inclusive, Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS was in a patient-nurse relation with the Plaintiff F.U.M.

159. From September 9-10, 2020, inclusive, HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS rendered medical care and/or treatment to the Plaintiff F.U.M.

160. From September 9-10, 2020, inclusive, HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS rendered osteopathic care and/or treatment to the Plaintiff F.U.M.

161. From September 9-10, 2020, inclusive, HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS rendered nursing care and/or treatment to the Plaintiff F.U.M.

162. From September 9-10, 2020, inclusive, Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS owed a professional duty to Plaintiff F.U.M. as a provider of medical services.

163. From September 9-10, 2020, inclusive, Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS owed a professional duty to Plaintiff F.U.M. as a provider of osteopathic services.

164. From September 9-10, 2020, inclusive, Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS owed a professional duty to Plaintiff F.U.M. as a provider of nursing services.

165. From September 9-10, 2020, inclusive, Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS, through its agents, servants, employees and/or others for whose acts and omissions it is legally responsible, breached its professional duty to Plaintiff F.U.M., and was careless, negligent and chargeable with culpable conduct in its treatment, management, consultation, diagnosis, and care of Plaintiff F.U.M., and in the medical, osteopathic and/or nursing services, it rendered to and on behalf of Plaintiff F.U.M.

166. From September 9-10, 2020, inclusive, Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS rendered patient care to the Plaintiff LUZ MAZARIEGO DE UMANA.

167. From September 9-10, 2020, inclusive, Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS was in a patient-physician relation with the Plaintiff LUZ MAZARIEGO DE UMANA.

168. From September 9-10, 2020, inclusive, Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS was in a patient-nurse relation with the Plaintiff LUZ MAZARIEGO DE UMANA.

169. From September 9-10, 2020, inclusive, HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS rendered medical care and/or treatment to the Plaintiff LUZ MAZARIEGO DE UMANA.

170. From September 9-10, 2020, inclusive, HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS rendered osteopathic care and/or treatment to the Plaintiff LUZ MAZARIEGO DE UMANA.

171. From September 9-10, 2020, inclusive, HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS rendered nursing care and/or treatment to the Plaintiff LUZ MAZARIEGO DE UMANA.

172. From September 9-10, 2020, inclusive, Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS owed a professional duty to Plaintiff LUZ MAZARIEGO DE UMANA. as a provider of medical services.

173. From September 9-10, 2020, inclusive, Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS owed a professional duty to Plaintiff LUZ MAZARIEGO DE UMANA. as a provider of osteopathic services.

174. From September 9-10, 2020, inclusive, Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS owed a professional duty to Plaintiff LUZ MAZARIEGO DE UMANA. as a provider of nursing services.

175. From September 9-10, 2020, inclusive, Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS, through its agents, servants, employees and/or others for whose acts and omissions it is legally responsible, breached its professional duty to Plaintiff LUZ MAZARIEGO DE UMANA., and was careless, negligent and chargeable with culpable conduct in its treatment, management, consultation, diagnosis, and care of Plaintiff LUZ MAZARIEGO DE UMANA., and in the medical, osteopathic and/or nursing services, it rendered to and on behalf of Plaintiff LUZ MAZARIEGO DE UMANA.

176. The carelessness, negligence and culpable conduct of the Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS constituted deviations and departures from good and accepted standards of care and practice.

177. As a result of the negligence, recklessness, carelessness, deviations and departures by Defendant HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS, Plaintiff F.U.M. sustained serious and permanent physical and emotional injuries, which are permanent; he has suffered severe injuries to his brain, neurological system and elsewhere, and their consequences and *sequelae*; he has suffered and will suffer from the effects of Defendants' deviations and departures from good and accepted standards of care and practice; he has been rendered incapacitated; he has been unable to pursue his usual activities, has been and will be confined to medical and rehabilitation/care facility, has been and will be compelled to submit to hospital, rehabilitative, surgical and medical care and attention and to incur various sums of

money in an endeavor to cure or alleviate his injuries, and for his care, has lost and will lose sums of money, including wage loss and related losses, and has been compelled to suffer physical pain, mental anguish, disability and emotional distress, and will continue to suffer these damages in the future.

178. As a result of the negligence, recklessness, carelessness, and departures by defendants, jointly and severally, Plaintiff F.U.M. sustained serious and permanent physical and emotional injuries, which are permanent, as previously referenced, and the consequences and *sequelae* thereof.

179. As a result of the foregoing, Plaintiff F.U.M. sustained serious, severe, and permanent injuries, and the consequences and *sequelae* thereof.

180. This action falls within one or more of the exceptions set forth in C.P.L.R. 1602.

181. The amount of damages sought exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF LUZ MAZARIEGO DE UMANA

182. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in the First Cause of Action with the same force and effect as if more fully set forth at length herein.

183. As a result of the aforesaid occurrences and injuries sustained by Plaintiff F.U.M., Plaintiff LUZ MAZARIEGO DE UMANA has been deprived of the services of her son F.U.M., and will continue to be deprived of the same in the future as a result of the foregoing; and has been and will be caused to incur costs and expenses for F.U.M.'s treatment, care and maintenance.

184. This action falls within one or more of the exceptions set forth in C.P.L.R. 1602.

185. The amount of damages sought exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

WHEREFORE, Plaintiffs LUZ MAZARIEGO DE UMANA, as mother and natural guardian of F.U.M. and LUZ MAZARIEGO DE UMANA individually, demand judgment against Defendants on the First and Second Causes of Action in such a sum as a jury may find fair, reasonable, and just, together with interest, costs, and disbursements of this action.

To the best of my knowledge, information and belief, formed after an inquiry reasonable under the circumstances, the presentation of this paper or the contentions herein are not frivolous, as that term is defined in Part 130 of the Court Rules.

Dated: Mineola, New York
        January 21, 2022

Respectfully yours,

Paul L. LaClair
THE GUCCIARDO LAW FIRM, PLLC
Attorneys for Plaintiffs
170 Old Country Road, Suite 609
Mineola, New York 11501
(516) 280-7100

## ATTORNEY'S VERIFICATION

Paul L. LaClair, an attorney duly admitted to practice law before the Courts of the State of New York, hereby affirms the following to be true under the penalties of perjury:

That affirmant is an attorney associated with *THE GUCCIARDO LAW FIRM;* the attorney of record for the Plaintiff in the within action; that affirmant has read the foregoing COMPLAINT and knows the contents thereof; that the same is true upon information and belief and that as to those matters affirmant believes them to be true.

Affirmant further states that the reason this Verification is made by affirmant and not by Plaintiff is that Plaintiff does not reside in the county wherein your affirmant maintains an office.

Affirmant further states that the grounds for affirmant's belief as to all matters not stated upon affirmant's knowledge are from the files and records regarding the plaintiff(s) kept in the normal course of business by this office as well as from the investigations made on behalf of the plaintiff(s) by this office.

Dated: New York, New York
      January 21, 2022

                            *Paul L. LaClair*
                            Paul L. LaClair

## CERTIFICATE OF MERIT (CPLR 3012-a)
## (MEDICAL MALPRACTICE ACTION)

Paul L. LaClair, an attorney admitted to practice in the State of New York and attorney for the plaintiff herein, affirms the truth of the following under penalties of perjury:

### [CHECK THE APPLICABLE BOX]:

1.          __X___ I have reviewed the facts of the case and have consulted with at least one physician who is licensed to practice in this State or any other State and whom I reasonably believe is knowledgeable in the relevant issues involving this particular action, and I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action;

2.          _____ I was unable to obtain the consultation required by CPLR 3012(a)(1) because a limitation of time established by Article 2 of said law would bar the action and that the certificate required could not reasonably be obtained before such time expired.

3a.          _____ I was unable to obtain the consultation required by CPLR 3012(a)(1) because three separate good faith attempts were made with three separate physicians and/or podiatrists and/ or dentists to obtain such consultation, and none of those contacted would agree to such consultation.

3b.          _____ I intend to rely solely on the doctrine of "*res ipsa loquitur*," and for that reason, no consultation is required.

3c.          _____A request has been made for the records of the plaintiff's medical and/or podiatric and/or dental treatment by the defendants, and such records have not been produced. As such, we are not required to serve a Certificate of Merit until ninety days after such records have been produced.

_Paul L. La Clair_
Paul L. LaClair

Index No. EP2022-130
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ULSTER

---

LUZ MARINA MAZARIEGO DE UMANA, as mother and natural guardian of F.U.M., an
infant under the age of fourteen years, and LUZ MAZARIEGO DE UMANA individually,

Plaintiff(s),

-against-

MARTA M. SANCHEZ, MD, DOMINIQUE DELMA, MD, FARNAZ JAFARI, MD,
DEVASHREE PARMER, MD, MEEA YIM, DO, KIM S. PETRO, RN, MARY J. RANDALL,
RN AND HEALTHALLIANCE HOSPITAL BROADWAY CAMPUS

Defendant(s).

---

## SUMMONS AND COMPLAINT

---

**The Gucciardo Law Firm, PLLC**
*Attorneys for Plaintiff(s)*
**170 Old Country Road
Mineola, New York 11501
5162807100**

---

TO: